## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ANTHONY J. CUTI,
800 S Ocean Boulevard Unit L-4,
Boca Raton, FL 33432


Plaintiff,


v.


WILLIAM P. BARR in his official capacity
as Attorney General of the United States,
950 Pennsylvania Avenue, N.W.,
Washington, D.C. 20530

and

REGINA LOMBARDO, in her official
capacity as the Acting Deputy Director of the
Bureau of Alcohol, Tobacco, Firearms and
Explosives,
99 New York Avenue, N.E.,
Washington, D.C. 20226,


Defendants.

––––––––––––––––––––––––––––––––––

## COMPLAINT FOR DECLARATORY RELIEF

Now comes Plaintiff, Anthony J. Cuti, by and through undersigned counsel, and complains

of Defendants as follows:

### INTRODUCTION AND SUMMARY OF ACTION

1.    Plaintiff challenges the complete denial under § 922 of Title 18 of the U.S. Code of

Plaintiff's Second Amendment right to keep and bear arms solely and exclusively on account of

his 2010 convictions for federal securities offenses.

2.       § 922(g)(1) of Title 18 of the U.S. Code prohibits firearm possession by "any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." *See also* 27 C.F.R. § 478.32(a)(1).

3.       § 922(d)(1) prohibits anyone from transferring firearms or ammunition to any transferee whom the transferor has reason to know was convicted of "a crime punishable by imprisonment for a term exceeding one year." *See also* 27 C.F.R. § 478.32(a)(1).

4.       § 921(a)(20)(A) of Title 18 provides that a "'crime punishable by imprisonment for a term exceeding one year' does not include . . . any Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices." See also 27 C.F.R. § 478.11. The securities offenses of which Plaintiff was convicted fall within § 921(a)(20)(A)'s exception for offenses related to the regulation of business practices similar to the listed offenses. Plaintiff seeks from the Court a declaration that §§ 992(g)(1) and (d)(1) do not apply to bar him from acquiring and possessing a firearm and entry of an order permanently enjoining Defendants from enforcing §§ 992(g)(1) and (d)(1) against him.

## JURISDICTION AND VENUE

5.       This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 2201, and 2202.

6.       Venue lies in this Court pursuant to 28 U.S.C. § 1391(e)(1)(A), as Defendants reside in this district.

## THE PARTIES

7.       Plaintiff, Anthony J. Cuti, is a natural person and citizen of the State of Florida and of the United States, residing in the City of Boca Raton in Palm Beach County, Florida. Plaintiff

desires to purchase and possess firearms for the sport of target shooting but is prevented from doing so only by §§ 992(g)(1) and (d)(1) and the implementing regulations promulgated and enforced by Defendants.

8.    Defendant William P. Barr is the Attorney General of the United States and is sued in his official capacity. As Attorney General, Defendant Barr is responsible for executing and administering the laws of the United States, including §§ 922(d)(1) and (g)(1) and their implementing regulations.

9.    Defendant Regina Lombardo is the Acting Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("BATFE") and is sued in her official capacity. As Acting Director of BATFE, Defendant Lombardo is responsible for executing and administering firearms laws of the United States, including §§ 922(d)(1) and (g)(1) and their implementing regulations.

## FACTUAL ALLEGATIONS

### The 2010 Convictions

10.    Plaintiff was the Chairman of the Board, Chief Executive Officer, and President of Duane Reade.

11.    Duane Reade is a corporation organized under the laws of the State of Delaware with headquarters in New York, New York.

12.    On June 8, 2010, Plaintiff was convicted of conspiracy to commit securities fraud in violation of 18 U.S.C. § 371; securities fraud in violation of 15 U.S.C. § 78j(b); and making false filings in violation of 15 U.S.C. §§ 78m(a) and 78o(d).

13.    An element of each of these offenses is that the misstatements are material. To establish materiality "there must be a substantial likelihood that the disclosure of the omitted fact

would have been viewed by the reasonable investor as having significantly altered the 'total mix' of information made available." *Basic, Inc. v. Levinson,* 485 U.S. 224, 231-32 (1998). *See also United States v. Reyes,* 577 F.3d 1069, 1075 (9th Cir. 2009) ("To be material, there must be a substantial likelihood that the disclosure of the omitted fact would have been viewed by the reasonable investor as having altered the 'total mix' of information made available." (quotation marks omitted)); *United States v. Tarallo*, 380 F.3d 1174, 1182 (9th Cir. 2004) ("For securities fraud, a statement is material if there is a substantial likelihood that a reasonable investor would consider it important in making a decision.").

14.     Plaintiff was sentenced to serve 36 months in prison and ordered to pay a $5,000,000 fine as well as restitution. *See* First Amended Judgment in a Criminal Case at 1, 2, 5, *United States v. Anthony Cuti*, 08-CR-972 (S.D.N.Y. Sept. 2, 2011), ECF No. 187; Indictment, *Cuti*, 08-CR-972 (S.D.N.Y. filed Oct. 10, 2008), ECF No. 1.

15.     Plaintiff served his sentence at Lewisburg Federal Prison Camp, Lewisburg, Pennsylvania, from January 31, 2012 to June 10, 2013. He successfully completed his period of supervised release on December 10, 2016. Plaintiff has never been charged with another crime.

## The Statutory Scheme

16.     § 922(g)(1) of Title 18 of the U.S. Code prohibits any person who has been convicted of "a crime punishable by imprisonment for a term exceeding one year" from possessing a firearm that has been transported in or affected interstate commerce. *See also* 27 C.F.R. § 478.32(a)(1).

17.     § 922(d)(1) of Title 18 of the U.S. Code prohibits anyone from transferring firearms or ammunition to any transferee whom the transferor has reason to know was convicted of "a crime punishable by imprisonment for a term exceeding one year." *See also* 27 C.F.R. § 478.32.

18.     Violations of these provisions are felony offenses punishable by a prison sentence of up to ten years. 18 U.S.C. § 924(a)(2).

19.     § 921(a)(20) of Title 18 of the U.S. Code provides that the term "'crime punishable by imprisonment for a term exceeding one year' does <u>not</u> include . . . any Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices." 18 U.S.C. § 921(a)(20)(A) (emphasis added). *See also* 27 C.F.R. § 478.11.

20.     All firearms purchasers within the United States who do not possess a Federal Firearms License—that is, virtually all ordinary civilian consumers of firearms—must complete "Form 4473, Firearms Transaction Record Part I – Over-The-Counter," administered under Defendants' authority, in order to purchase a firearm. 27 C.F.R. § 478.124. Question 11(c) on Form 4473 asks:

> Have you ever been convicted in any court of a felony, or any other crime for which the judge could have imprisoned you for more than one year, even if you received a shorter sentence including probation?[1]

21.     Defendants instruct firearm dealers not to sell firearms to anyone who answers "yes" to this question. Indeed, Defendants instruct firearm dealers to refrain from even running a background check on anyone who answers yes to this question, and to deny the transaction solely on the basis of that answer: "If a prospective purchaser answered 'yes' to any of the questions on

---

[1] U.S. DEP'T OF JUSTICE, BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, ATF E-Form 4473 (Oct. 2016), https://goo.gl/ENPJf1

the ATF Form 4473 (other than questions 9 a. and 9 l. of the 10/98 edition), you should not contact the [National Criminal Background Check Service ("NICS")] because the subject is prohibited from purchasing."[2]

22.    On September 28, 2018, United States District Court Judge John D. Bates enjoined the Defendants from enforcing 18 U.S.C. § 922(d)(1), 922(g)(1), 27 C.F.R. § 478.32(a)(1), and 27 C.F.R. § 478.99(c)(1) against a defendant who, like Plaintiff, was previously convicted of a federal felony securities offense. See Order and Final Judgment, Reyes v. Sessions, Civ. No. 17-1643 (JDB) (D.D.C. Nov. 21, 2018), ECF Nos. 26-27.

23.    Despite the above-mentioned order and final judgment in *Reyes*, the Government denied Plaintiff's request for similar treatment. *See* June 4, 2019 letter to United States Attorney's Office, Southern District of Florida and July 9, 2019 response from BATFE Legal Counsel via email from Senior Litigation Counsel, Civil Division, United States Attorney's Office, Southern District of Florida attached hereto as Exhibits "A" and "B".

**The Infringement of Plaintiff's Second Amendment Rights**

24.    Plaintiff desires to acquire and possess firearms that have travelled in or affect interstate commerce for the sport of target shooting.

25.    As a result solely and exclusively of his June 8, 2010 federal convictions, Plaintiff is prohibited from acquiring and possessing a firearm, based on Defendants' interpretation and

---

[2] BATFE, FFL Newsletter Issue I 14, (May 2001), *available at* https://goo.gl/UeBF2R. *See also* BATFE, FFL Newsletter Issue II 2 (Sept. 1999), *available at* https://goo.gl/Q52Shz ("If the prospective purchaser answers 'yes' to any of the questions [regarding eligibility to possess firearms], the licensee has reasonable cause to believe that the transferee is prohibited. Accordingly, the transfer of a firearm to such a person would be in violation of Federal law. This is true regardless of whether the licensee received an [sic] 'proceed' or 'denied' response from NICS. In fact, there is no reason for the licensee to even contact NICS after a person indicates on the Form 4473 that he or she is prohibited from receiving firearms.  The licensee should simply advise the prospective purchaser that the firearm may not be transferred.").

enforcement of §§ 921(a)(20)(A), 922(d)(1), and 922(g)(1) and of the corresponding federal regulations.

26.     Plaintiff refrains from attempting to acquire a firearm from a licensed dealer only because, were he successful, he would be subject to arrest, prosecution, incarceration, and fine, at Defendants' instigation and direction, for violating § 922(g)(1).

27.     Plaintiff is thus suffering, currently and on a continuing basis, the injury of being unable to exercise his Second Amendment right to obtain firearms from licensed federal firearms dealers and/or private parties, which firearms Plaintiff would obtain, and possess, but for Defendants' interpretation and enforcement of §§ 921(20)(A), 922(g)(1), and 922(d)(1).

## COUNT ONE
## INTERPRETATION OF §§ 921(a)(20)(A), 922(g)(1), AND 922(d)(1)

28.     The allegations of Paragraphs 1 through 27 are incorporated as though fully set forth herein.

29.     Plaintiff's federal convictions for securities offenses cannot be the predicate offenses for the firearms disability under §§ 992(g)(1) and (d)(1) because those convictions were for offenses relating to the regulation of business practices similar to the "Federal or State offenses pertaining antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices" and thus are excluded from §§ 992(g)(1) and (d)(1) under § 921(a)(20)(A).

30.     Plaintiff is entitled to declaratory and injunctive relief barring Defendants from enforcing §§ 992(g)(1) and (d)(1) against him on account of his convictions for conspiracy to commit securities fraud in violation of 18 U.S.C. § 371, securities fraud in violation of 15 U.S.C. § 78j(b), and false filings with the SEC in violation of 15 U.S.C. §§ 78m(a) and 78o(d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered in his favor and against Defendants as follows:

a.      Declaratory relief to the effect that, pursuant to 18 U.S.C. § 921(a)(20)(A) and 27 C.F.R. § 478.11, the prohibitions of Section 922(g)(1) and Section 922(d)(1), and 27 C.F.R. § 478.32(a)(1) and 27 C.F.R. § 478.99(c)(1), do not apply to, and cannot be applied against, Plaintiff Anthony J. Cuti on account of his 2010 convictions for conspiracy and securities fraud, in violation of 18 U.S.C. § 371 and 15 U.S.C. § 78j(b) and for making false filings with the SEC in violation of 15 U.S.C. §§ 78m(a) and 78o(d);

b.      An order permanently enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing §§ 922(g)(1) and (d)(1), and 27 C.F.R. § 478.32(a)(1) and 27 C.F.R. § 478.99(c)(1), against Plaintiff Anthony J. Cuti on the basis of his 2010 convictions;

c.      Costs of suit;

d.      Attorneys' fees and costs pursuant to 28 U.S.C. § 2412; and

e.      Any other further relief as the Court deems just and appropriate.

Date: November 15, 2019                    Respectfully submitted,

**STUMPHAUZER FOSLID SLOMAN
ROSS & KOLAYA, PLLC**
Two South Biscayne Boulevard, Suite 2550
One Biscayne Tower
Miami, FL 33131
Telephone: (305) 614-1400
Facsimile: (305) 614-1425

/s/   *Erica L. Perdomo*
Erica L. Perdomo, Esq.
D.C. Bar No. 1021628
eperdomo@sfslaw.com

*Counsel for Plaintiff, Anthony Cuti*